IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTONIO A. GARCIA #01052874 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv586 |
| DIRECTOR, TDCJ-CID, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Antonio A. Garcia, a prisoner of the Texas Department of Criminal Justice proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in prison. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Relevant Procedural History and Alleged Facts**

Plaintiff filed his original complaint in November 2023. (Dkt. #1.) On November 29, 2023, the Court found Plaintiff's original complaint to be deficient and ordered him to file an amended complaint to allege specific facts to support his claims and identify the responsible defendants. (Dkt. #3.) Specifically, the Court observed that Plaintiff had failed to provide the factual information necessary to support a claim and that he needed to allege the facts of his case with sufficient specificity to give notice of his claims in a manner that rested on more than just conclusions. (*Id.* at 1.) The Court ordered him to "explain in detail how and when his constitutional rights were allegedly violated, identify the defendants responsible for those violations, specify how each defendant personally violated his constitutional rights, explain how he was harmed or injured by those violations, and clearly state the relief he seeks" and advised him that the amended

complaint would be the sole operative pleading and must comprehensively set forth his claims. (*Id.* at 2.)

Plaintiff's amended complaint is now before the Court for screening. (Dkt. #10.) In it, Plaintiff identifies the state of Texas as the sole Defendant. (*Id.* at 1, 3.) His entire statement of his claim is:

> (1) Creating unlawful law, policies. (2) Creating flawed policies, procedures to allow procedural misconduct. (3) Covering up evidence. (4) Impersonating law enforcement. (5) Kidnapping. (6) Murder and more crimes and civil rights violations to be presented in further filings. (7) to include governmental oppression, (8) intimidation, (9) retaliation (10) fraud (11) impersonating enforcing law makers/legislators duties (12) conspiracies complaints/activities.

(*Id.* at 4.) His statement of relief sought is: "(1) enforce the legislators to act, (2) prosecute the guilty (3) financial relief (4) pay court costs & fees (5) to be determined in further litigation." (*Id.*)

## II. Legal Standards and Preliminary Screening

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, and he is proceeding *in forma pauperis*, so his claims are subject to preliminary screening pursuant to the Prison Litigation Reform Act as required by 28 U.S.C. §§ 1915A and 1915(e). Those statutes direct *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under Section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon

2

delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, No. SA-16-CV-284-DAE (PMA), 2016 WL 2344231, at *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

Plaintiff's amended complaint does not allege a single fact. Despite the Court's express instruction to specify how his constitutional rights were violated and how he was injured by those violations (Dkt. #3 at 2), Plaintiff has not alleged any event in his own life that is the basis of his complaint. He simply recites legal conclusions in the abstract, without any facts to support them. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To state a claim under Section 1983, a plaintiff "must state specific facts to support the claim, not merely legal and constitutional conclusions." *Lewis v. L.-Yone*, 813 F. Supp. 1247, 1252 (N.D. Tex. 1993) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)). Plaintiff's vague and conclusory assertions fail to state a viable claim for relief and lack any arguable basis in fact, which renders them frivolous.

Moreover, the State of Texas is immune from suit under Section 1983. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Texas has not waived its immunity by consenting to suit, and Congress did not abrogate the Eleventh Amendment

immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

## IV. Conclusion

For the reasons set forth above, Plaintiff fails to state a claim upon which relief can be granted in his amended complaint, and he sues a defendant that is immune from suit. Dismissal is appropriate where Plaintiff has already been given a chance to address the deficiencies of his complaint but still fails to state a viable claim. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that "once given adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions"); *Garcia v. City of Lubbock, Texas*, 487 F. Supp. 3d 555, 566 (N.D. Tex. 2020) (dismissing where inmate had "already amended his complaint once" and been afforded "an opportunity to further flesh out his claims").

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 12th day of January, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE