IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ANTONIO A. GARCIA, #01052874, | § |
| Plaintiff, | § |
| v. | § Case No. 6:23-cv-586-JDK-JDL |
| DIRECTOR, TDCJ-CID, et al., | § |
| Defendants. | § |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Antonio A. Garcia, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On January 12, 2024, Judge Love issued a Report and Recommendation recommending that the Court dismiss this case with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2) for failure to state a claim upon which relief can be granted. Docket No. 12. Plaintiff objected. Docket No. 19.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Magistrate Judge recommended dismissal largely because Plaintiff's amended complaint, which the Court ordered him to file after finding that his original complaint was deficient, is vague and conclusory and fails to allege any specific facts that would support a claim that Plaintiff's personal rights have been violated.  Docket No. 12 at 4.  Plaintiff's submission does not dissuade the Court from that conclusion.

First, Plaintiff suggests that the Magistrate Judge wrongfully recommended dismissal without giving Plaintiff sufficient time to amend his complaint as ordered.  Docket No. 19 at 1.  But the Court's January 12, 2024 Report clearly considers the amended complaint received from Plaintiff on January 10, 2024 (Docket No. 10).  Docket No. 12 at 2 ("Plaintiff's amended complaint is now before the Court for screening.  (Dkt. #10.)").

Plaintiff repeatedly notes his dissatisfaction with the Court's handling of his case, suggesting that any deficiencies in his complaint are "between [him] and the Defendant" and "the Judge don't have to like it."  Docket No. 19 at 2.  But the Prison Litigation Reform Act requires the Court to screen and dismiss any complaint filed by a prisoner who proceeds *in forma pauperis* or sues a governmental entity if it fails to state a claim.  28 U.S.C. §§ 1915A(b) and 1915(e)(2).

Finally, the Plaintiff mentions for the first time that his lawsuit has something to do with intentional fires and smoke in his prison unit.  Docket No. 19 at 2–3. But, despite the Magistrate Judge's clear admonition to Plaintiff to explain how and when

2

*his* constitutional rights had been violated and how *he* was harmed or injured by those violations (Docket No. 3 at 2), Plaintiff still only vaguely references "dead inmates" and does not allege that he personally has sustained any injuries or that he faces a substantial risk of serious harm.  Docket No. 19 at 3.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 12) as the opinion of the District Court.  Plaintiff's claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **26th** day of **February, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3